IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MONTE DECARLOS WINSTON,

    Petitioner,

v.    Civil Action No. 3:17CV34

UNITED STATES DISTRICT COURT,

    Respondent.

## MEMORANDUM OPINION

By Memorandum Opinion and Final Order entered August 1, 2013, the Court dismissed Monte DeCarlos Winston's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] for abuse of the writ. Winston v. U.S. Att'y. Gen., No. 3:12CV172, 2013 WL 3967292, at *4 (E.D. Va. Aug. 1, 2013). As the Court has noted on many occasions, Winston has abused the writ by filing at least three 28 U.S.C. § 2241 Petitions challenging the

---

[1] That statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

execution or calculation of his federal and state sentences. See id. Because of Winston's history of abusive filings, the Court placed certain prefiling restrictions on any new action challenging the calculation or execution of his sentence. Id. Specifically, the Court directed:

> 7. From this point forward, before the Court will review any new action challenging the calculation or execution of his sentence, Winston must do the following:
> a. Provide a brief summary of why the ends of justice warrant consideration of his submission and attach the summary to the front of any filing; and,
> b. Certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court and set forth why each claim could not have been raised in one of his previous actions.
> Winston's failure to comply with the above directives will result in summary dismissal of the new action.

Id.

Winston has filed a new 28 U.S.C. § 2241 petition. Winston's instant § 2241 petition is yet another attempt to challenge the Bureau of Prison's ("BOP") execution of his sentence. This time, Winston adds a new spin: that this Court violated the Constitution when it "ordered the U.S. Marshal Service to present an prosequendum writ to State authorities demanding the surrender of its property/prisoner Monte D. Winston without first allowing the prisoner to test the validity

of the writ . . . and by not allowing the State to legally transfer custody and jurisdiction . . . ." (§ 2241 Pet. 1.)

The Court views the arguments raised in Winston's current § 2241 Petition as yet another attempt to challenge to the execution of his sentence. Winston has failed to comply with the certification requirements outlined in the Court's August 1, 2013 Memorandum Opinion and Order. Accordingly, Winston's § 2241 Petition will be denied and the action will be dismissed without prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Winston.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: April 24, 2017
Richmond, Virginia